Marshall, C. J.,
 

 dissenting. It is not doubted that this was a chancery case in the municipal court of Cleveland. It is not doubted that the Legislature had conferred jurisdiction upon the municipal court of Cleveland to hear and determine certain classes of chancery suits. It is not doubted that the Legislature had a right to confer such jurisdiction. It is not doubted that the Commonwealth Oil Company was entitled ultimately to have this suit heard, on appeal, in the Court of Appeals. The question before us is whether there was a right to have a direct review on appeal in the Court of Appeals from the judgment of the municipal court. A determination of this question requires that we should ascertain, first, whether the provision of Section 6 of Article IV of the Ohio Constitution quoted in the majority opinion is self-executing, and whether the procedural steps to perfect such an appeal are required to be provided by legislation; second, whether in any event the jurisdiction of the Court of Appeals is conclusively defined by the Constitution, or whether, on the other hand, it may be invested with such additional jurisdiction as the Legislature may prescribe.
 

 That Section 6 of Article IV is not self-executing seems too plain to admit of discussion. That no procedure has been provided to take causes on ap
 
 *280
 
 peal from a municipal court to the Court of Appeals is conceded. It seems also to be conceded by the majority opinion in this case that the Legislature had power to prescribe the procedural steps and the procedural conditions for taking cases on appeal from the courts of common pleas to the Courts of Appeals. At any rate such procedural steps and conditions have been provided in elaborate detail, and they have been followed by the Courts of Appeals and by this court in a great number of cases, and in many, many cases judgments rendered on appeal have been reversed by this court for failure to observe those procedural steps and conditions. It seems, therefore, to have been admitted in many instances • that the Legislature not' only had the power to provide the procedure, but that the failure to observe that procedure was' fatal. Perfecting an appeal from any court to a court higher in authority, and by the process of giving bond to vacate the judgment in the lower court, is a very serious matter, which should not be made to depend upon analogies. Many provisions of the Ohio Constitution are self-executing, and clearly so, and many other provisions are not self-executing, and that fact is equally clear. Where constitutional provisions are made self-executing it becomes necessary to apply reasonable rules to carry out the constitutional mandate. We know of no rule of law which permits a court to supply a legislative omission by applying a rule of analogy. Where a constitutional provision is not self-executing and requires some legislative act to complete the process, the failure to supply the legislative act renders the constitutional provision nugatory, and the only safe course in the instant
 
 *281
 
 case is to follow that principle. If it be argued that the Court of Appeals has appellate jurisdiction in the trial of chancery cases, and that that provision will be defeated by failing to supply a procedure by analogy, it may be answered that there has been no legislative omission which absolutely prevents the instant case from being heard on appeal in the Court of Appeals. There is ample provision for carrying the case to the court of common pleas on appeal, and there is ample provision for carrying the case by a successive step form the court of common pleas to the Court of Appeals on appeal. These steps can be taken without supplying any omissions and without applying any rule of analogy. The majority opinion.cites the case of
 
 Haas
 
 v.
 
 Mutual Life Ins. Co.,
 
 95 Ohio St., 137, 115 N. E., 1020. In that case it was sought to appeal a case from the superior court of Cincinnati to the Court of Appeals of Hamilton county, and in the opinion in that case the right to appeal was upheld and the principle of analogy to the court of common pleas was declared. That case was rightly decided, but for a wrong reason.- Section 1576, General Code, being a part of the superior qourt act, provides that all acts “regulating their practice and forms of process, prescribing the force and effect of their judgments, orders, or decrees, and authorizing or directing the execution thereof, shall be held to extend to the superior court of Cincinnati as fully as they extend to the common pleas court.”
 

 It is not necessary in that case to apply the rule of analogy. The Legislature made ample provision by specific reference. It is not necessary in this case for this court to apply a rule of analogy. The Legis
 
 *282
 
 lature has made ample provision for procedure by successive appeals.
 

 The majority opinion cites several cases in which this court has declared that Section 6 of Article IV of the Ohio Constitution confers jurisdiction upon the Courts of Appeals and that the General Assembly has no power to enlarge or limit that jurisdiction, but may only provide by law for the method of its exercise. The leading case thus interpreting the Constitution is
 
 Cincinnati Polyclinic
 
 v.
 
 Balch,
 
 92 Ohio St., 415, 111 N. E., 159. That case has been followed in many subsequent cases, and the writer of this dissenting opinion has followed it more than once, believing that any rule which settles a disputed point should be followed in the interest of greater stability, even though the rule might not be a sound rule. That case was decided in 1915, and time and experience have demonstrated the unsoundness of the rule and necessity for its abrogation. Nichols, C. J., wrote a strong dissenting opinion, and experience has demonstrated that his dissenting opinion declared the sounder principle. Witho.ut repeating any part of that dissenting opinion, it need only be stated that it is unanswerable, and the majority rule declared in that case should be overruled, and it should be held that the Legislature has the power to confer additional jurisdiction upon the Court of Appeals by legislation.
 

 This cause comes to this court from the Court of Appeals of Cuyahoga county. In no other county in the state are causes taken either on error or appeal from a municipal court to a Court of Appeals. By reason of cases being taken on error from the municipal courts in Cuyahoga county to the Court of Ap
 
 *283
 
 peals of that county, the work of that court has become enormously congested, making it impossible for that court to promptly dispose of its business, even with such help as other Courts of Appeals can render. For the year 1926, this being the last year for which figures are available, there were 3,167 cases filed in all Courts of Appeals in the state, and of this total number 946 were filed in the Court of Appeals of Cuyahoga county. Only 649 of those cases were carried from the court of common pleas to the Court of Appeals of Cuyahoga county, and 297 were carried from other courts inferior to the court of common pleas directly to the Court of Appeals. Until such time as the
 
 Polyclinic case
 
 is reversed, or until a constitutional amendment can be framed and adopted in such language that it is impossible to misconstrue it, this deplorable condition must continue in the Court of Appeals of Cuyahoga county. It is stated in the majority opinion that remedial provisions should be liberally construed. To this proposition we agree, but there is a vast difference between a liberal construction of an existing provision and supplying by analogy a provision entirely omitted. In the
 
 Polyclinic case,
 
 as well as in the
 
 Haas case,
 
 this court has resorted to expedient at the expense of sound principle, and it is inevitable that in every such case the end of the road must be reached.
 

 We have taken the trouble to ascertain the practice in other stat'es of the Union and in the English courts, and it is found that in thirty-five states of the Union, where the laws have been examined, twenty-five states require appeals and error proceedings to be carried by successive steps from the in
 
 *284
 
 ferior courts to the courts next higher in authority until the court of last resort has been reached. In the laws of ten states which have been examined a limited provision has been made for taking cases on appeal and error from an inferior court directly to a court of last resort over the heads of intermediate courts, but this is found to be true in those states where the business of the courts is not large and where the courts of last 'resort are not burdened with business. It is well known and well established by experience that parties will not prosecute successive appeals, but are usually satisfied if they can have a single review. In those cases where they are sufficiently persistent to seek a second review less damage will be done by according it than by permitting the superior court to be hopelessly congested by direct appeals and error proceedings from inferior tribunals over the heads of intermediate courts. It should further be added that in not a single instance do the courts of England permit any review of the judgment of any court except by successive steps through the courts next higher in authority. The right to appeal from the municipal court of Cleveland to the Court of Appeals of Cuyahoga county was properly denied, and the judgment of the Court of Appeals should be affirmed.
 

 Kinkade, J., concurs in this dissenting opinion.